IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| TYSON T. RICHARDSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN WOOD et al.,<br><br>　　　　Defendants. | **ORDER TO AMEND DEFICIENT SECOND AMENDED COMPLAINT, & MEMORANDUM DECISION**<br><br>Case No. 1:12-CV-98 TS<br><br>District Judge Ted Stewart |

　　　Plaintiff, Tyson T. Richardson, a prisoner at Davis County Jail, filed this *pro se* civil rights suit.[1]  Reviewing the second amended complaint under § 1915A, the Court has determined that Plaintiff's complaint is deficient as described below.

### Deficiencies in Second Amended Complaint

　　　Second Amended Complaint:

(a)　states only a medical malpractice claim, which is not properly brought in a civil-rights action.

(b)　improperly states a claim against Sheriff Todd Richardson based on a theory of respondeat superior.

(c)　has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution.[2]

---

[1] *See* 42 U.S.C.S. § 1983 (2012).

[2] *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)

**Repeated Instructions to Plaintiff**

Under Rule 8 of the Federal Rules of Civil Procedure a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[3]  Rule 8(a)'s requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[4]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[5]  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant."[6]  Thus, the Court cannot "supply additional

---

(emphasis added)).

[3] Fed. R. Civ. P. 8(a).

[4] *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

[6] *Id.* at 1110.

facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[7]

Plaintiff should consider these points when refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or supplement.[8] Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[9] "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[10] Third, Plaintiff cannot name someone as a defendant based solely on his or her supervisory position.[11] Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."[12]

---

[7] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[8] *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

[9] *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).

[10] *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[11] *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

[12] *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Fifth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

Finally, Plaintiff is notified that medical malpractice is an improper civil-rights claim.  His only recourse, if it is applicable, is to bring a claim of inadequate medical treatment based on the Cruel and Unusual Punishment Clause of the Federal Constitution.

## Motion for Appointed Counsel

Plaintiff moves for appointed counsel, though he has no constitutional right to counsel.[13]  However, the Court may in its discretion appoint counsel for indigent inmates.[14]  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[15]

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the

---

[13] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[14] *See* 28 U.S.C.S. § 1915(e)(1) (2012); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[15] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

complexity of the legal issues raised by the claims.'"[16] Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motions for appointed counsel.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have thirty days from the date of this order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) If Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

(4) Plaintiff's motions for service of process are DENIED.[17] There is no valid complaint to be served at this time. No further motions of this nature are necessary because, should Plaintiff file a valid complaint that passes the Court's

---

[16] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

[17] (*See* Docket Entry #s 4 & 12.)

screening under 28 U.S.C.S § 1915A (2012), the Court will order the United States Marshals Service to serve the complaint upon Defendant(s) without any prompting from Plaintiff.

(5) Plaintiff's motion for appointed counsel is DENIED[18]; however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

DATED this 13th day of July, 2012.

BY THE COURT:

_____
CHIEF JUDGE TED STEWART
United States District Court

---

[18] (*See* Docket Entry # 10.)